UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LORI MIKNAITIS                                         CIVIL ACTION

VERSUS                                                 NO. 06-8783

STATE FARM INSURANCE COMPANY                           SECTION B(2)

ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand And For Attorneys Fees And Expenses.  (Rec. Doc. No. 5).  After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED** in part and **DENIED** in part.

*BACKGROUND*

On or about August 29, 2005, Plaintiff's property allegedly sustained significant damage as a result of Hurricane Katrina. Plaintiff purchased a homeowner's insurance policy from Defendant State Farm Fire and Casualty Company "State Farm".  Plaintiff's homeowner's insurance policy was effective on August 29, 2005.

Plaintiff filed suit against State Farm Insurance Company in the 34th Judicial District Court For The Parish Of St. Bernard. Plaintiff asserted a breach of contract claim and seeks penalties for Defendant's alleged bad faith in failing to tender payment due under Plaintiff's homeowner's insurance policy. Defendant removed the matter to federal court claiming federal subject matter exists

1

pursuant to diversity of citizenship and federal question jurisdiction.

Defendant contends diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties. Defendant further contends that federal question jurisdiction exists under the Multiparty, Multiforum Trial Jursidiction Act (MMJTA) pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).

Plaintiff does not dispute the fact that parties are diverse. However, Plaintiff contends diversity of citizenship jurisdiction does not exist as the amount in controversy does not exceed $75,000.00. Further, Plaintiff contends MMJTA is not applicable. Therefore, Plaintiff claims this Court lacks jurisdiction and moves the Court to remand.

## DISCUSSION

**A.   Diversity Of Citizenship**

Civil actions may be removed from state court when the United States district courts have original jurisdiction. 28 U.S.C. § 1441(a). However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). Furthermore, the matter in controversy must exceed "the

sum or value of $75,000, exclusive of interests and costs. . . ." 28 U.S.C. § 1332. All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

The Louisiana Code of Civil Procedure prohibits a plaintiff from specifying a monetary demand in his or her petition. La. Code Civil Proc. Art 893(A)(1). However, post-removal affidavits may be considered to determine the amount in controversy when the basis for jurisdiction is ambiguous. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (citing *Association Nacional de Pescardores a Pequena Escala o Artesanales de Columbia v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1988)).

Plaintiff's Petition for Damages states Plaintiff's claim does not exceed $50,000.00.[1] Furthermore, Plaintiff filed an affidavit stipulating the total damages sought inclusive of costs, interests, attorney's fees and penalties do not exceed $75,000.00, and Plaintiffs will not seek or accept damages in excess of $75,000.00. Therefore, the requirements of 28 U.S.C. § 1332 are not satisfied and diversity of citizenship jurisdiction does not exist.

**B.   Jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).**

---

[1]Petition For Damages, ¶15.

3

Defendant contends jurisdiction exists pursuant to 28 U.S.C.§§ 1369 and 1441(e)(1)(B)considering: (1) Plaintiffs claims arose from Hurricane Katrina and (2)State Farm Insurance Company was a defendant in the Katrina-related matter *Chehardy v. Wooley*, Civ. Action No. 04-1140 (M.D.La. 2006).

28 U.S.C. § 1369(a) provides:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if–
>
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
> (3) substantial parts of the accident took place in different States.

28 U.S.C. § 1441 (e)(1)(B) provides:

> [A] defendant in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been

>       brought in a district court as an original
>       matter.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and/or 1441(e)(1) when the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)4.

The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369 and 1441(e)(1) to cases arising out of Hurricane Katrina for failure to satisfy the "single accident" requirement.[2] Therefore, 28 U.S.C. §§ 1369 and 1441(e)(1) are inapplicable and jurisdiction does not exist. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

Finding that Defendant's basis for removal was reasonably objective,

---

[2] See *Southhall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (holding Hurricane Katrina was not an "accident" within the meaning of the statute); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013 (E.D. La. September 14, 2006) (holding levee breaches throughout New Orleans fail to satisfy the statutory definition of an "accident"); *Southern Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La. September 6, 2006) (noting Hurricane Katrina does not satisfy the statutory definition of an "accident" and the narrow jurisdiction under 28 U.S.C. § 1369 is not intended unless there are many plaintiffs and many defendants).

**IT IS FURTHER ORDERED** that Plaintiff's motion for attorney's fees and costs is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE